The opinion of the Court was delivered by
Mtjnro, J.
From the report of this case, it is apparent, that the defendants have little cause to'complain, either of the charge of the Circuit Judge, or the finding of the jury; for the testimony was conclusive, that the only consideration that passed between the plaintiff and the defendants, was money advanced by the former to the latter, upon the faith of the note which is the subject matter of the present action. It is true, that the defendants’ object in procuring, through their agent Ellis, the loan in question, was to enable them to pay for a slave they had purchased from one Jones, which slave afterwards proved to be unsound. But how a knowledge of these facts by the plaintiff — even if they had been brought home to him — could affect his right to recover back his money, it is somewhat difficult to perceive; for it is obvious, that he had neither the right to inquire *117 the use the defendants intended to make of the fund they had borrowed, nor the power to control its application; and if the defendants thought proper to invest it in an unsound slave, without using the precaution to guard against imposition, they surely have no right to visit the fruits of their folly or misfortune upon the plaintiff. So that, unless the defendants had established, that plaintiff had participated with Jones in the fraud which the latter had practised upon them, any evidence short of that would have been wholly irrelevant to the issue. But the testimony of the witness Ellis entirely absolves the plaintiff from all participation in the transaction; for he expressly declares that the plaintiff had no knowledge whatever of the trade between him and the defendant.
The only remaining question, is that presented by the 5th ground of appeal — the merger of the note in a bond and mortgage, executed at the same time, and for the same debt. It, however, appears from the testimony, that the bond referred to was not executed by the individual members composing the firm of Cameron, McDermid <fc Mustard, but was executed by Cameron alone, in the name of the firm, without the assent or knowledge of his copartners.
Had the bond been executed in a manner that would have secured to the plaintiff the individual responsibility of the several members composing the firm, there can be no question, but the lesser would have become merged in the higher security; but unless it can be affirmed, as a legal proposition, that a promissory note, executed in the name of a copartnership, becomes merged in a bond executed by one of its members, it would be — to say the least of it — a strained application of the doctrine of merger to apply it to such a transaction as this.
The motion is dismissed.
O’Neall, Wardlaw, Withers, Whitner and Glover, JJ., concurred.
Motion dismissed.